IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marco Owens, #297589, | ) | C/A No.: 1:20-476-BHH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, Warden Washington, | ) | ORDER AND NOTICE |
| Head Quarters Classification, | ) | |
| Officer Cokly, Bryan Sterling, and | ) | |
| Major Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Marco Owens ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against South Carolina Department of Corrections ("SCDC"), Warden Washington ("Warden") at Broad River Correctional Institution ("Broad River"), SCDC Classification Headquarters ("Headquarters"), Correctional Officer Coakley ("Correctional Officer"), SCDC Director Bryan Sterling ("Director"), and Major Doe ("Major") (collectively "Defendants"), in their official and individual capacities, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is a state prisoner currently incarcerated at Ridgeland Correctional Institution ("Ridgeland"). [ECF No. 1 at 2, 15]. He generally alleges Defendants violated his due process rights under the Fourteenth Amendment by failing to protect him from cruel and unusual punishment and providing inadequate medical care in violation of the Eighth Amendment. *Id.* at 4. He claims Defendants placed him at Broad River, a level-three institution, for a period of two years, despite his classification as a level-two inmate, and failed to protect him from a violent attack. *Id.* He claims Defendants endangered his health and wellbeing and caused him to sustain injuries by recklessly and intentionally placing him at Broad River, despite knowledge of inadequate monitoring and substantial risk of attack. *Id.* at 20–21.

Plaintiff specifically alleges that on January 31, 2018, he was attacked by five masked inmates while he was in his cell on side B of Broad River's Monticello Unit. *Id.* at 6, 7, 8, 17. Plaintiff alleges Correctional Officer was working at the front gate of the Monticello Unit, releasing inmates from sides A and B to the cafeteria when the incident occurred. *Id.* at 18. He claims he was beaten and stabbed over 20 times and fractured his ankle as he fled his attackers. *Id.* at 6, 17. He states his personal property was stolen from his cell. *Id.* at 18. Plaintiff alleges he was transported to Palmetto Health Richland, but received no treatment for his fractured left ankle. *Id.* at 17–18.

2

Plaintiff alleges he was a level-two inmate improperly housed at Broad River at the time of the incident. *Id.* at 19. He maintains Headquarters incorrectly transferred him and placed him in a dangerous and high-risk environment. *Id.* He claims he had previously been housed at a level-two institution and had verbally requested transfer to a level-two institution prior to his attack. *Id.*

Plaintiff indicates that upon release from the hospital, he was placed in lockup at Broad River and was subsequently transferred to Ridgeland. *Id.* He alleges he complained of his injuries after being transferred, but received no treatment. *Id.* at 20.

Plaintiff claims he sustained nerve damage in his neck and lower back and a fractured ankle and continues to experience mental anguish, paranoia around crowds, and migraine headaches as a result of the incident. *Id.* at 6, 20. He demands a jury trial, compensatory and punitive damages as assessed by a jury, attorney fees and costs, the right to amend his pleadings to add additional defendants and allegations,[1] and any additional relief the court deems just and appropriate. *Id.* at 22.

---

[1] Pursuant to Fed. R. Civ. P. 15(a) (1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

---

Civ. P. 15(a)(2).

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. SCDC and Headquarters Not "Persons" Under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the

---

[2] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress

5

deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. See *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

"Neither a State nor its agencies are 'persons' within the meaning of § 1983." *Rose v. South Carolina Department of Corrections*, C/A No. 0:18-3315-RBH, 2020 WL 289273, at *4 (D.S.C. Jan. 21, 2020) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 (1989); *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990)). Consequently,

---

provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

a § 1983 action against a state agency should be dismissed for failure to state a claim. *See id.* (citing *Louis v. Spotsylvania Cty.*, 2017 WL 8786969, at *1 (E.D. Va. Nov. 30, 2017) (dismissing the plaintiff's § 1983 claim against the Commonwealth of Virginia "with prejudice for failure to state a claim upon which relief can be granted" because Virginia was not a "person" under § 1983), *aff'd*, 719 F. App'x 283 (4th Cir. 2018)).

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

SCDC and Headquarters do not qualify as "persons" subject to suit under § 1983. Accordingly, Plaintiff's complaint is subject to summary dismissal as to SCDC and Headquarters.

2. Failure to Allege Personal Participation by Other Defendants

Plaintiff does not allege Warden, Correctional Officer, Director, or Major personally engaged in any actions that violated his rights.

To assert a viable § 1983 claim against a public official, a causal connection or affirmative link must exist between the public official and his/her conduct. *See Iqbal*, 556 U.S. at 676 (providing a plaintiff in a § 1983 action

7

must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Plaintiff has made conclusory allegations that all defendants violated his due process rights under the Fourteenth Amendment and have subjected him to cruel and unusual punishment under the Eighth Amendment, but has cited no specific actions by Warden, Correctional Officer, Director, and Major that violated his rights. Plaintiff does not adequately identify or assert any factual allegations as to Major. He alleges Correctional Officer was on duty in his dorm, but he points to no action on the part of Correctional Officer that violated his constitutional rights. To the extent Plaintiff alleges the supervisory roles of Warden and Director render them liable for violations of his rights, the undersigned notes that supervisory liability is not recognized in § 1983 actions. Therefore, Plaintiff's complaint is subject to summary dismissal as to Warden, Correctional Officer, Director, and Major.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 26, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

February 5, 2020  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge