IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marco Owens, #297589, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:20-476-BHH |
| v. ) | |
| ) | |
| South Carolina Department of ) | **ORDER** |
| Corrections, Director Bryan Sterling, ) | |
| Warden Washington, Major Ocean, ) | |
| Officer Cokly, and Head Quarters ) | |
| Classification, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Marco Owens' pro se amended complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 3, 2020, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court dismiss Plaintiff's amended complaint with prejudice and without issuance and service of process. In her Report, the Magistrate Judge first determined that Defendants South Carolina Department of Corrections ("SCDC") and Head Quarters Classification ("Headquarters") do not qualify as "persons" amenable to suit under 42 U.S.C. § 1983. Next, the Magistrate Judge determined that Plaintiff's original complaint and his amended complaint fail to include sufficient factual matter to support a § 1983 claim against Defendants Director Bryan Sterling, Warden Washington, Major Ocean, or Officer Cokly because Plaintiff makes only conclusory allegations that these Defendants violated his

constitutional rights and cites no specific actions by these Defendants that violated his rights.  After being granted an extension of time, Plaintiff filed written objections to the Magistrate Judge's Report on April 13, 2020.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After review, the Court finds no merit to Plaintiff's objections.  First, Plaintiff does not specifically object to the Magistrate Judge's finding that SCDC and Headquarters are not "persons" amenable to suit under § 1983.  As the Magistrate Judge properly explained, to state a plausible claim for relief under § 1983, an individual must allege injury caused by the deprivation of rights, privileges, or immunities secured by the Constitution by a "person" acting "under color of state law."  42 U.S.C. § 1983.  Because SCDC and Headquarters are not "persons" within the meaning of § 1983, the Court agrees with the Magistrate Judge that they are subject to summary dismissal.

Next, Plaintiff does not explain in his objections why his complaint and his amended complaint fail to identify the individual Defendants anywhere other than the caption or describe specific actions by these individuals, as pointed out in the Report. Rather, Plaintiff simply reiterates his claim that the individual Defendants were responsible for his safety by virtue of their jobs and that they failed to protect him from an attack by other inmates. Plaintiff asserts that the individual Defendants knew he was a level-two offender incarcerated in a level-three institution from the rosters, and he asserts for the first time that Officer Corkly abandoned his post at the time of the incident. In all, the Court finds these objections insufficient to overcome the multiple deficiencies in Plaintiff's amended complaint as set forth by the Magistrate Judge. Although Plaintiff's objections offer some minor additional details, he still fails to allege sufficient facts to state a plausible claim against the individual Defendants under § 1983. In the interest of fairness, however, the Court will not dismiss Plaintiff's complaint with prejudice as suggested by the Magistrate Judge, but instead will dismiss it without prejudice in the event that Plaintiff can better identify more specific actions taken by the individual Defendants that would support a claim against them under § 1983.

Accordingly, based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 15); overrules Plaintiff's objections (ECF No. 24); and dismisses Plaintiff's amended complaint without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
The Honorable Bruce Howe Hendricks  
United States District Judge

June 18, 2020
Charleston, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

      The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.