IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marco Owens,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Warden Washington; Officer Cokley;<br>Major Ocean; and John/Jane Doe,<br>Shift Captain,<br><br>　　　　Defendants.<br>_____ | Civil Action No. 1:20-cv-476-BHH<br><br>**<u>ORDER</u>** |

　　This matter is before the Court upon Plaintiff Marco Owens' ("Plaintiff") pro se complaint, wherein he alleges that he was a victim of an inmate-on-inmate assault in January of 2018 in the Monticello Unit at Broad River Correctional Institution. On November 20, 2023, Defendants filed a motion for summary judgment (ECF No. 69), and on December 20, 2023, Plaintiff filed a motion to appoint counsel (ECF No. 75). The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

　　After considering the parties' arguments and reviewing the record in light of the applicable law, the Magistrate Judge issued a report and recommendation ("Report") on January 3, 2024, denying Plaintiff's motion to appoint counsel and recommending that the Court grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

　　The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 77), and for the reasons set forth in the Report, the Court **grants** Defendants' motion for summary judgment (ECF No. 69) and dismisses Plaintiff's claims without prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 23, 2024
Charleston, South Carolina